| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------- X<br>   EASTASIA FOOD AND TRADING INC.,   :<br>                                                      Plaintiff,   :<br>             - against -   :<br>   MOHAMMAD B. CHOWDHURY, NOYA   :<br>   DISTRIBUTORS, INC., SAIMA<br>   CHOWDHURY, and FOUR STAR IMPORT   :<br>   & DISTRIBUTION INC., *et al*.,<br>                                               Defendants.   :<br>-------------------------------------------------------- X | C/M<br><br>**MEMORANDUM DECISION AND**<br>**ORDER**<br><br>21-cv-5831 (BMC) |

**COGAN**, District Judge.

This trademark and trade dress infringement action under the Lanham Act and the common law is before me on plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b) against the remaining defendants in this case, Mohammad B. Chowdhury, Noya Distributors, Inc., Saima Chowdhury, and Four Star Import & Distribution Inc. These defendants originally appeared by an attorney who filed an answer on their behalf, but who was then granted leave to withdraw based upon the fact that defendants terminated his representation.

In granting the motion to withdraw, I advised defendants that the two corporate defendants could not proceed without an attorney, see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."). I also directed the individual defendants to advise the Court whether the termination of their attorneys meant that they were no longer interested in defending the case, or whether

they intended to have new attorneys appear, or whether they wanted to proceed *pro se*. I warned them that failure to have an attorney appear for the corporations, or failure of the individuals to indicate in some way that they wanted to pursue the defense of the case, would result in the striking of their answer and lead to a default judgment against them.

The time allowed within which they could respond expired without any response on their part. I then extended the time for them to respond *sua sponte* and warned them again of the consequences of not responding. They still did not respond. I then convened a status conference to find out defendants' intentions. They did not appear. With no other options remaining to get their attention, I ordered the striking of their answer. The Clerk of Court noted their default upon the record under Fed. R. Civ. P. 55(a), and here we are. Defendants have not responded to the motion for a default judgment either.

The allegations of the complaint, deemed to be true for purposes of this motion, clearly show a trademark and trade dress infringement. The product involved is long-grained, parboiled basmati rice which both plaintiff and defendants have sold on a wholesale basis to supermarkets. The elaborate trademark and trade dress, screen printed on both sides' burlap bags of rice, is nearly identical, save that defendants have substituted Noya Distributors Inc.'s name and address at the bottom of each bag in place of plaintiff's. Plaintiff has demonstrated the validity and superiority of its trademark and the lack of validity of defendants' use of the same mark. In short, this is as clear a case of knock-off products as one will see.

As far as the remedy, plaintiff seeks injunctive relief, prohibiting defendants from further infringing its intellectual property. That relief is available both under the Lanham Act and the common law in a default judgment context. See Off-White LLC v. 6014350, No. 18-cv-5322, 2021 WL 5014821, at *2 (S.D.N.Y. Oct. 27, 2021).

Accordingly, plaintiff's motion for a default judgment is granted. A Final Injunction will issue separately.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 23, 2022

3